In the Matter of the Claim of JOHN J. CALLADINE, Appellant, against McKINLEY LIQUOR Co., INC., et al., Respondents. WORK-MEN'S COMPENSATION BOARD, Respondent.

Third Department, July 3, 1958.

*J. Harry Tiernan, Jr.,* for claimant-appellant.

*Paul D. Williams* and *Clyde M. Williams,* for McKinley Liquor Co., Inc., and another, respondents.

HERLIHY, J. Claimant, a liquor salesman, sustained two injuries to his right leg. The first, in December, 1947, when he claims that he hit his right knee against a sharp corner of his automobile; and the second, in December, 1950, when he claims he fell while on crutches in the course of soliciting a customer. In November, 1949, he filed a claim for the effects of the first acident, which were claimed by him to have caused tuberculosis of the right knee which in March, 1950 resulted in the amputation of his right leg at about mid-thigh. In the course of the proceedings in this claim, which was not finally decided until after his second accident, he introduced into the record the circumstances and results of his second accident which were as follows: He went to a restaurant for the purpose of trying to sell the proprietor some wine; although unsuccessful, he stayed for lunch; on leaving he fell — "I wouldn't positively say I tripped. There was nothing on the floor to trip over, but sometimes the crutches are a little off balance, but anyway, I went forward. I tried to grab on something and I couldn't find anything to grab on, and landed straight on my stump." In his claim for compensation he described the accident as follows: "Tripped and fell while using crutches."

The contention concerning this fall, at the time of its introduction into the record on the first accident claim, was that it was consequential, i.e., that it was a proximate result of the injuries he had sustained as a result of the accident for which claim was then made. In November, 1951, the board reversed the referee's award on the first accident claim on the ground that claimant had not proved an accidental injury arising out of and in the course of his employment and on the further ground that there was no causal relation between the disability (a tubercular knee) and the accident. No appeal was taken from this decision.

Instead, in October, 1952, claimant filed a new claim for the effects of the second accident (Dec., 1950) in which he sustained a fracture of the femur in the right stump near the hip joint, which, his doctor said, prevents the use of an artificial limb as a result of restricted mobility of the hip joint, which restriction is permanent. The doctor testified that claimant had actually used a prothesis before his fall but this was refuted by proof that the device was not purchased until after the fall. Had the second accident not occurred, the doctor thought claimant would have been able to use an artificial limb successfully.

Again, the board reversed a referee's decision in claimant's favor and disallowed the claim on the ground that, upon the basis of the "credible" evidence and in the light of all of the

" circumstances surrounding this matter ", the claimant did not meet with " an accident on December 8, 1950 which arose out of and in the course of his employment." It is therefore unnecessary to pass on the other issues raised in this case.

It would seem from the above that before arriving at the weight of credible evidence, the board must have considered the nature of claimant's employment, that it happened during lunch hour, whether the fall was idiopathic and whether the accident arose out of his employment. The board had the complete record concerning the 1947 and 1950 accidents before it. There were many questions concerning the happening of the accidents, the medical testimony and other important elements where the credibility of the claimant was subject to scrutiny and as we have said before, the question of credibility is solely within the province of the board. (*Matter of Jelfo* v. *Modello & Son,* 3 A D 2d 782; *Matter of Musto* v. *Sanzone,* 5 A D 2d 1026.)

The determination of the board should be affirmed, without costs.

BERGAN, J. P., GIBSON and REYNOLDS, JJ., concur.

Decision affirmed, without costs.